UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      CRIMINAL NO. 17-20542

v.                                    HON. STEPHEN J. MURPHY, III

D-1 MARTAZE DAVIS,

        Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

**I.    INTRODUCTION**

Martaze Davis is prohibited from possessing any firearms by virtue of his prior conviction for felony armed robbery in 2007, out of the 3rd Circuit Court in Detroit, for which he was served 5 years in prison. And yet, on August 8, 2017, two years after his parole was discharged in that case, he was caught in possession of a firearm with a large capacity magazine.

As a result of his actions, Davis pled guilty to the Indictment which charged one count of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924.

As is discussed herein, and consistent with the Rule 11 Plea Agreement, the government recommends that the Court sentence Davis to a term of incarceration of **30 months**, followed by a term of supervised release.

## II. STATEMENT OF FACTS

On August 8, 2017, Davis, along with other individuals, was part of a group that appeared to be shooting a music video in front of a house on Wayburn Street in Detroit. As Detroit Police Officers approached in their scout car, they watched Davis walk to the passenger door of a Mercedes parked in front of the house and discard a large object they believed to be a handgun inside the car.

Officers approached and detained Davis and searched the Mercedes. Inside, they found a Master Piece Arms 9mm handgun with an extended magazine. The magazine was loaded with fifteen rounds. Davis admitted he did not have a valid concealed pistol license. Officers also found $21,740 in cash in Davis's pockets.

Evidence from Davis's phone shows that he communicated with an unknown party to obtain the Master Piece Arms 9 mm on July 29, 2017. The unknown party sent Davis a text message with a photograph attached of a Master Piece Arms 9mm. Davis responded with a screen shot and price of a similar type gun and a message to the unknown party, "Call me." Comparing the photograph of the firearm sent to Davis on July 29, 2017 and the Master Piece Arms 9 mm recovered by DPD on August 8, 2017 clearly shows the same gun:



*Photograph sent to Davis 7/29/17*          *Gun recovered by DPD 8/8/17*

Zoomed in, the serial number F20177 and the distinct coloring pattern are also consistent:

     

*Photograph sent to Davis 7/29/17*          *Gun recovered by DPD 8/8/17*
    F2--77 faintly visible                         F20177 clearly visible

3

## III. SENTENCING GUIDELINE CALCULATIONS AND OTHER RELEVANT 3553(a) FACTORS

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

The Government believes that the Section 3553(a) factors support a sentence of **30 months**, followed by a term of supervised release.

### A. Sentencing Guidelines

In the Rule 11 Plea Agreement, the government anticipated a guideline range of 37 to 46 months. The probation department calculated Davis's guideline range to be 46 to 57 months, finding his criminal history score to be higher than that reflected in the Rule 11 Plea Agreement. The Rule 11 Plea Agreement accounts for this possibility, and therefore, under the terms of the agreement, because the guideline range is higher as a result of a higher criminal history category, the guideline range

4

of 46 to 57 months is now the agreed guideline range, and the government agrees that the probation department has properly calculated the guideline range.

Accordingly, the government requests that the Court find Davis's sentencing guideline range to be **46-57 months**. Pursuant to the Rule 11 Plea Agreement, the government agreed to make a non-binding recommendation that the sentence of imprisonment be no more than **30 months**. Despite the unanticipated increase in guideline range, the government stands by that recommendation, which for the reasons stated below, is an appropriate sentence taking into consideration the 3553(a) factors.

The 3 additional criminal history points not included in the parties' guidelines calculation, which drives his guideline range higher, all stem from an arrest in 2016 for possession of a small amount of marijuana and driving while license suspended. At the time of the instant offense, he was under a 12 month probation sentence for that 2016 arrest. The government was not aware of this additional criminal history or existing probation sentence at the time of his arrest when it entered into the Rule 11 Plea Agreement with Davis.

Nonetheless, given the nature and circumstances of this prior offense and probation, the government does not believe the additional criminal history discovered by the probation department has any impact upon its recommended sentence of no more than 30 months in this case.

## B. 3553(a) Factors

*Nature and circumstances of the offense*

Davis possessed a loaded semiautomatic firearm with an extended magazine in public. Although the large amount of money on his person is questionable, there is no available evidence in this case to prove any illicit source for that money, and Davis did provide verification of substantial income to the probation department.

Davis, with a prior conviction for a serious violent offense, of all people, should never be in possession of a firearm, and there is no justification at all for his possession of one here. The circumstances of this particular offense are such that it may be seen as less serious than others due to the lack of any attendant offenses, but at the same time, he is not in any position to claim that he possessed the weapon for self-defense. Had a firearm been somehow needed for the music video, replica firearms are readily available. Furthermore, as detailed below, evidence from his phone shows that Davis obtained this specific firearm from an unknown party within the week prior to arrest.

*History and characteristics of the defendant*

Davis's history is driven primarily by his prior conviction for felony armed robbery when he was 16 years old. He is now 28. Davis served approximately 5 years in prison, and was returned for 6 months for a parole violation in 2013. Since that time he has committed driver's license and marijuana related offenses. He has no other serious prior convictions.

Davis appears to have a more stable family and living situation now than in the past and has a three year old child that requires special care and attention. While that may seem to make him less likely to reoffend, notably that circumstance also existed at the time he committed the instant offense.

*Deterrence and respect for the law*

A prison sentence in this case of 30 months will serve as a deterrent to future crime by Davis and others similarly situated. It will also promote respect for the law. Davis is prohibited from possessing firearms because of a prior violent felony conviction. Compared to other felony offenses that may prohibit future possession of a firearm, a prior armed robbery conviction is certainly among the most serious, and therefore, serious punishment is justified.

*Correctional treatment*

In light of repeated marijuana related offenses, as well as numerous positive drug tests for opiates and marijuana while on pretrial release, the government strongly recommends that Davis receive substance abuse treatment while incarcerated and while on supervised release.

## IV.   CONCLUSION

The government recommends a sentence of **30 months**, which is below the bottom of the guideline range; however, given the application of the 18 U.S.C. § 3553(a) factors, a downward variance to 30 months is warranted in this case. The

government believes that such a sentence would be "sufficient, but not greater than necessary" to achieve the ends of § 3553(a).

                                 Respectfully submitted,

                                 MATTHEW SCHNEIDER
                                 United States Attorney

                                 *s/Andrew R. Picek*
                                 ANDREW R. PICEK
                                 RAJESH PRASAD
                                 Assistant United States Attorneys
                                 211 W. Fort Street, Suite 2001
                                 Detroit, MI  48226
                                 (313) 226-9652
                                 andrew.picek@usdoj.gov
                                 OH 0082121

Dated: September 26, 2019

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Steven Scharg, counsel for defendant.

                                      *s/Andrew R. Picek*
                                      ANDREW R. PICEK
                                      Assistant United States Attorney
                                      211 W. Fort Street, Suite 2001
                                      Detroit, MI  48226
                                      (313) 226-9652
                                      andrew.picek@usdoj.gov