UNITED STATES OF AMERICA
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,           HON. STEPHEN J. MURPHY III

     Plaintiff,                       Case No. 17-20542

vs.

MARTAZE DAVIS,

     Defendant.

_____/

## <u>DEFENDANT DAVIS' SENTENCE MEMORANDUM AND</u>

## <u>REQUEST FOR DOWNWARD VARIANCE</u>

Now Comes the Defendant, Martaze Davis, by and through his attorney, Steven Scharg, and pursuant to 18 U.S.C. 3553(a), 18 U.S.C. 3553(b), and U.S.S.G. 5K2.20, requests that this Honorable Court grant his Motion for Downward Variance.  In support of said Motion, Defendant Davis further states:

1.  On May 23, 2019, Defendant Davis plead guilty to Count One of the Indictment, charging Mr. Davis with Felon in Possession of a Firearm and Ammunition pursuant to 18 U.S.C. Section 922(g)(1) and 924.

2.  A Pre-Sentence Investigation Report was prepared on June 26, 2019.

3.  The offense conduct occurred on or about August 8, 2017, in the County of Wayne, State of Michigan.

4.  Defendant Davis accepted responsibility for his actions at the time of his plea on May 23, 2019.

5.  Defendant Davis is requesting a downward variance because the advisory guideline range is too harsh and it is "greater than necessary" to satisfy the purposes of sentencing.

WHEREFORE, Defendant Davis respectfully requests that this Honorable Court grant his Motion for Downward Variance.

Respectfully submitted,

s/Steven Scharg_____
STEVEN SCHARG
Attorney for Defendant Davis
615 Griswold, Suite 1125
Detroit, Michigan 48226
(313) 962-4090
Mi Bar No. P43732
Scharg1924@gmail.com

Dated:  October 18, 2019

UNITED STATES OF AMERICA
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,       HON. STEPHEN J. MURPHY III
      Plaintiff,                 Case No. 17-20542

vs.

MARTAZE DAVIS,

      Defendant.

_____/

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

"[A] district court's job is not to impose a reasonable sentence.  Rather a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)…' *United States v Foreman,* 436 F.3d 638, 644 n.1 (6th Cir. 2006)(citing *United States v. Booker*, 125 S.Ct. 738 (2005).

## INTRODUCTION

The brief is filed pursuant to 18 U.S.C. Section 3553(a), 18 U.S.C. 3353(b) and U.S.S.G. 5K2.20, and is submitted by Defendant Martaze Davis, by and through his attorney, Steven Scharg, in support of his Motion for Downward Variance in the instant offense.

On August 17, 2017, Defendant Davis was named in a One Count Indictment charged with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. Section 922(g)(1) and 924.

3

On May 23, 2019, Defendant Davis plead guilty to Count One of the Indictment.  On June 26, 2019, a Pre-Sentence Investigation Report was submitted declaring an offense level of 19 and a criminal history category of IV. Based upon this computation, the probation department calculated a sentencing guideline range of 46-57months.

The guideline range for this offense is too harsh and it is greater than necessary to satisfy the purpose of sentencing.  Moreover, Defendant Davis is 28 years old and was employed at the time this offense was committed.  Finally, this advisory guideline range overly reflects Defendant's actions in this matter. Therefore, Defendant Davis respectfully requests that this Court grant his Motion for Downward Variance under 18 U.S.C. Section 3553(a).

## STATEMENT OF FACTS

On August 8, 2017, Detroit Police Officers were on routine patrol when they observed a group of individuals shooting a music video in front of a residence on Wayburn Street in Detroit.  When the Officers approached, they observed Defendant Davis walk up to a vehicle that was parked in the street and discard a large object and discard it in the vehicle.  It was later discovered that the object was a weapon.  Defendant had a prior felony conviction so he wasn't eligible to be in possession of any type of weapon.

## ARGUMENT

**I.     DEFENDANT DAVIS' MOTION FOR DOWNWARD VARIANCE SHOULD BE GRANTED BECAUSE THE ADVISORY GUIDELINE RANGE IS TOO HARSH**

Defendant Davis is entitled to a downward variance because there is no minimum mandatory sentence and the advisory guideline range of 46-57 months, is too harsh and will result in a sentence "greater than necessary" in the context of Defendant's charge of Felon in Possession of a Firearm and Ammunition. "[A] district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)…"*United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006).

In *United States v. Booker*, 543 U.S. 220, 125 S.Ct.738, 160 L.Ed.2d 621 (2005), the Supreme Court invalidated the mandatory use of the Sentencing Guidelines and held they are now "effectively advisory".  We have held that "[o]nce the appropriate advisory guideline range is calculated; the district court throws this ingredient into the section 3553(a) mix."  *United States v McBride*, 434 F.3d470, 476, (6th Cir. 2006).  The District Court, in sentencing, should consider the nature and circumstances of the offense, the characteristics of the defendant, the kinds of sentences available, the sentencing guideline range, policy statements from the Sentencing Commission, the need to avoid sentencing disparities, and the need to provide restitution to the victims.  See 18 U.S.C. Section (a)(1)(3)-(7).

### A.  <u>History and Characteristics of the Defendant</u>

"Under the Guidelines, courts traditionally were forbidden to consider the
defendant's age…his education and vocational skills…his mental condition… his
physical condition including drug or alcohol dependence… and his family ties and
responsibilities… in the wake of <u>Booker</u>…these factors are important to consider
in fashioning a <u>just</u> sentence."  <u>United States v Pacheco</u>, 386 F.Supp.2d 1198,
1204 (D.N.M. 2005) emphasis added.  The Guidelines are now "generalized
recommendations about the range of sentences appropriate for certain crimes
committed by individuals with certain backgrounds."  <u>United States v Buchanan</u>,
449 F.3d 731, 736 (6th Cir. 2006)(J. Sutton, concurring).  "[W]hile the [g]uidelines
remain important, they are now just one of the numerous factors that a district
court must consider when sentencing a defendant."  <u>United States v McBride</u>,
434 F.3d 470 (6th Cir. 2006).

In <u>United States v Collington</u>, 461 F.3d 805 (6th Cir. 2006), Collington pled
guilty to possession with intent to distribute more than 50 grams of crack cocaine,
felon in possession of a firearm, and possession of a machine gun.  Based upon
an offense level of thirty-three and criminal history III, he anticipated a guideline
range of 168-210 months.  However, upon review of the Pre-Sentence Report,
the district court recalculated Collington's numbers and decided that his offense
level was thirty-three and his criminal history was IV.  This resulted in an advisory
guideline range of 188-235 months, but ultimately the district court granted him a
downward variance and sentenced Collington to 120 months.

At Collington's sentencing hearing, the district court carried out a "three step process".  The first step was to calculate the appropriate advisory guideline range, calculated to be 188-235 months.  The second and third steps of the court's analysis consisted of determining whether a variance from the guideline range would be appropriate in this case and considering the section 3553(a) factors and the guideline range to determine what sentence would be a "reasonable sentencing option for this Defendant".

The district court explained that such a variance was justified in this case because of a number of factors, which the guidelines did not take into account.  For instance, the court found that despite Collington having a criminal history IV, the defendant had never been in custody for any substantial period of time.  In addition, the criminal history did not reflect that this was the first time the defendant had been caught with this quantity of drugs and guns.  Moreover, the court took into consideration Collington's personal history and the severity of the crimes in question.  Collington's personal history consisted of his father being murdered in their home when Collington was only nine and then losing his mother two years later to cancer.  Consequently, the court ordered Collington undergo mental health counseling, and that after imprisonment, he would be under supervised release for five years, to include aggressive drug testing.  The Government appealed the sentence as being unreasonably low.  The appellate court, however, affirmed the district court's sentence as being reasonable stating that the district court took the time to consider arguments from defense counsel,

the government, and questioned Collington himself about the current charges,
his history, and his desire to reform.

In this instance, Defendant Davis' criminal history, personal history, and
severity of his criminal activity should also be considered at sentencing.
Defendant Davis' criminal history yields a category IV.  Although Defendant has a
prior felony conviction for an Armed Robbery conviction in 2007, when he was
juvenile at age 16, he has not had any other felony convictions as an adult.
Defendant Davis does have some misdemeanor convictions for possession of
controlled substances, however, there has been any assaultive or violent
convictions since he learned his lesson when he was a juvenile offender.

Mr. Davis did obtain a GED while incarcerated.  He spends his entire time in
the music industry.  He has been working as a music entertainer and
incorporated a Limited Liability Corporation called 42 Entertainment.  Mr. Davis
operates his music under the name of "42 Twin".  He is very well known
throughout the United States and performs throughout the State of Michigan.  His
potential as a musician has been restricted as a result of this case.  Mr. Davis
has been viewed millions of times on Youtube and has been very successful.

Notwithstanding the severity of his crime, Defendant Davis' guideline
range of 46-57 months will be too harsh if imposed against him.  The sentence
will be "greater than necessary" and it will not promote respect for the law, nor
will the sentence be just.  Accordingly, Defendant Davis should receive a
downward variance and receive a sufficient sentence that is not greater than
necessary.

Defendant Davis should receive a downward variance because the Guidelines do not adequately consider that he is 28 years old, who has a good relationship with his family, and has not had any violent or felony drug convictions as an adult.  He had a relationship with his significant other and had two children.  His children's mother is a stewardess for Delta Airlines.  Defendant Davis has a third child from a different woman.  To show you the maturity and responsibility of Defendant Davis, Mr. Davis took custody of his this child as a result of the mother's inability to do so.

It is sad that Defendant Davis is in this situation.  He has turned his life around from being a troubled juvenile in the streets of Detroit, committing robberies at a young age, to a mature father who found his nitch in the music industry, not knowing how far his success might take him.   He is being sentenced for the charge of Felon in Possession of a Firearm and Ammunition but not because he was stopped walking down the street with a weapon in his waistband, nor for driving in a motor vehicle with a weapon under the seat, not while committing another felony, but for making a video for his employment.

Mr. Davis has done a lot of wonderful things while this case has been pending.  Mr. Davis adopted children last Christmas and provided them with gifts.  He has assisted teenagers with accomplishing their GEDs and finding employment.  Mr. Davis has gone to schools to speak with teenagers on the impact of gang violence in the community.  He had met with Mayor Duggan to try and prevent violence in his neighborhood.  Mr. Davis had mentored thirty kids to

record and learn music techniques with some of the top music producers in the Detroit area.

While this case has been pending, Mr. Davis has completed a three month drug program.  It consisted of being at the program three days a week, three hours a day, and he was the only one out of twelve people to complete the program.  Mr. Davis also completed ten months on house arrest.

Therefore, a sentence below the guidelines will be sufficient and not excessive in light of his age, minimal criminal history, and since Mr. Davis has changed his lifestyle.  The community does not have to worry about Mr. Davis returning to illegal activity.  He definitely sees that there are serious repercussions for committing these offenses.

Accordingly, a downward variance to probation should definitely be considered.   Defendant Davis has proven that within the two years this case has been pending, he has not been arrested for any new charges, there has not been any serious bond violations, and he has been in compliance with pretrial services.  Mr. Davis has worked extremely hard with his music and without any further education, he has been quite successful.  Any confinement could really put a damper on his life.  We believe this Honorable Court could take a gamble with a non-custodial sentence and let Mr. Davis prove that he can comply with all the conditions set by this Court.

## CONCLUSIOn

Defendant  Davis' Motion for Downward Variance should be granted because a guideline sentence of 46-57 months will be too harsh and "greater

than necessary".  Such a sentence will not promote respect for the law and it will

not provide a just punishment.

WHEREFORE, Defendant Davis respectfully requests that this Honorable

Court grant his Motion for Downward Variance in this matter.

Respectfully submitted,

s/Steven Scharg_____
STEVEN SCHARG
Attorney for Defendant
615 Griswold, Suite 1125
Detroit, Michigan 48226
(313) 962-4090
Mi Bar No. P43732
Scharg1924@gmail.com

Dated:  October 18, 2019

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          HON. STEPHEN J. MURPHY
                                   CASE NO. 17-20542

      Plaintiff,

vs.

MARTAZE DAVIS,

      Defendant.

_____/

## CERTIFICATE OF SERVICE

I hereby certify that this Motion for Downward Variance was electronically filed this date, served electronically or by mail to the following:

AUSA ANDREW PICEK
AUSA RAJESH PRASAD
211 W. Fort Street, #2001
Detroit, Michigan 48226
Andrew.Picek@usdoj.gov
Rajesh.prasad@usdoj.gov


s/Steven Scharg_____
STEVEN SCHARG
Attorney for Defendant
615 Griswold, Suite 1125
Detroit, Michigan 48226
(313) 962-4090
Scharg1924@gmail.com

Dated:  October 18, 2019