UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

v.

MARTAZE DAVIS,

           Defendant.

_____/

Case No. 2:17-cr-20542

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S**
**MOTION FOR REDUCTION OF SENTENCE [44]**

On April 9, 2020, Defendant Martaze Davis filed a motion for reduction of sentence pursuant to the First Step Act's compassionate release provision, 18 U.S.C. § 3582(c)(1)(A), due to the current COVID-19 pandemic. ECF 44. Davis represented that he is susceptible to COVID-19 because he has asthma and that the facility in which he is incarcerated, FCI Elkton, has been particularly affected by the virus with nearly 100 confirmed cases and four deaths as of the date Davis filed the present motion. ECF 44, PgID 172. The Court is aware of the extent of the pandemic and is sympathetic to Davis's concerns, but Davis has not met the administrative exhaustion requirements of the statute under which he seeks relief. The Court must therefore deny his motion.

The compassionate release provision of the First Step Act permits the Court to grant Davis's motion for modification of his sentence only if: (1) he exhausted all administrative remedies, or (2) he requested that the Bureau of Prisons ("BOP") bring a motion on his behalf and thirty days lapsed after his request. 18 U.S.C.

1

§ 3582(c)(1)(A). The exhaustion requirements are "mandatory conditions precedent to a defendant filing a motion under [§ 3582(c)(1)(A)]." *United States v. Alam*, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). Davis has not even attempted to meet either exhaustion option. *See generally* ECF 44. And the Court declines Davis's invitation to create an exception to a statutory requirement. *See id.* at 159.

Further, the Court notes that the BOP is taking steps to "assess[] its entire prison population to determine which inmates face the most risk from COVID-19, pose the least danger to public safety, and can safely be granted home confinement." ECF 47, PgID 185. And because the BOP has seen its inmates' behavior during their confinement firsthand and is present in the prisons to see how the COVID-19 pandemic is progressing and affecting each facility on a day-to-day basis, it is better situated to make those determinations. The Court will not create a judicial exception to a statutory requirement in order to dictate the BOP's actions in an emergency situation that the BOP is better positioned to address.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for reduction of sentence [44] is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
Dated: April 16, 2020          United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 16, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager